**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENNIS POTTS : | |
| : | Civil Action No. 04-4528 (FLW) |
| Petitioner : | |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| UNITED STATES OF AMERICA : | |
| : | |
| Respondent : | |

This matter was opened to the Court by Petitioner Dennis Potts ("Petitioner"), pro se, seeking to vacate, pursuant to 28 U.S.C. § 2255 ("§ 2255"), his sentence imposed on October 9, 2003 of 172 months of imprisonment and 3 years of supervised release as a result of his guilty plea to a one-count information for bank robbery in violation of 18 U.S.C. § 2113(a). Petitioner contends that the Court violated his Fifth and Sixth Amendment rights under the United States Constitution by enhancing the applicable sentencing range pursuant to the United States Sentencing Guidelines (the "Federal Sentencing Guidelines") § 4B1.1 (the career offender provision). The Court has considered the parties' papers pursuant to Fed.R.Civ.P. 78, and for the reasons stated below, Petitioner's § 2255 motion is denied.

**I.    BACKGROUND**

On July 18, 2003, Petitioner entered a plea of guilty to a one-count information charging him with bank robbery, in violation of 18 U.S.C. § 2113(a) and 2. In a judgment dated October 9, 2003,

the Court determined that Petitioner's total offense level was 29. See Judgment in Criminal Case No. 03-532 (FLW), at Statement of Reasons. The Court also found that Petitioner had previously been convicted of several crimes rendering him a career offender under the Federal Sentencing Guidelines. Under § 4B1.1 of the Guidelines, this finding resulted in Petitioner having a criminal history category of VI. See id. Combined with his offense level of 29, Petitioner had a Guidelines range of 151 to 188 months in prison. See id. The Court ultimately sentenced Petitioner to 172 months of imprisonment, followed by 3 years of supervised release. See Judgment in Criminal Case No. 03-532 (FLW). Petitioner did not file a direct appeal of his sentence to the United States Court of Appeals for the Third Circuit.

On or about September 20, 2004, Petitioner timely filed a § 2255 motion to vacate, set aside or correct the October 9, 2003 sentence. Petitioner claims that in light of Blakely v. Washington, 124 S.Ct. 2531 (2004), the Court violated his Fifth and Sixth Amendment rights by enhancing the applicable sentencing range pursuant to the Federal Sentencing Guidelines § 4B1.1. Petitioner argues that under Blakely, "jury findings of fact beyond a reasonable doubt applie[s] to any fact the law require[s] as a basis to increase the penalty range above the maximum range [based on] the facts found by a jury or admitted by the defendant." Pet. Mot. at 6. Petitioner thus claims that a jury should have decided whether his prior convictions triggered the career offender provision of the Federal Sentencing Guidelines and thereby enhanced his sentence. See id. at 6-7.

## II.   DISCUSSION

At the outset, the Court notes that Petitioner's reliance on Blakely is misplaced. Apprendi v. New Jersey, 530 U.S. 466 (2000), established that, at sentencing, a judge could enhance a sentence based on facts, other than a prior conviction, not admitted by the defendant or found by the jury, so

2

long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum.  See Apprendi, 530 U.S. at 490.  Blakely simply extended Apprendi and found that the State of Washington's determinate-sentencing scheme violated the Sixth Amendment right to a jury trial because judges were imposing sentences that were not based solely on the facts reflected in the jury verdict or admitted by the defendant, and were using a preponderance of the evidence standard to find the facts necessary to that imposition.  See Blakely, 124 S.Ct. at 2536-39.  The Blakely court also found that the "statutory maximum" for Apprendi purposes, is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See id. at 2537 (internal citation omitted).  However, Blakely expressly reserved decision on whether such rule also applies to the Federal Sentencing Guidelines.  See id. at 2538.  The Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005) subsequently applied Blakely's holding to such Guidelines.  Therefore, Petitioner must demonstrate that Booker, not Blakely, is retroactively applicable to his case.

In the instant matter, the Court finds that Petitioner does not have a valid § 2255 claim.  The Third Circuit has unequivocally held that Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker was issued.  See Lloyd v. United States, No. 04-3549, 2005 WL 1155220 (3d Cir. May 17, 2005) (stating that "[e]very federal court of appeals to have considered whether Booker's new rule constituted a 'watershed' rule that would satisfy [the ruling in Teague v. Lane, 489 U.S. 288 (1989)] has held that it does not, and thus, has held that Booker does not apply retroactively to cases on collateral review." (citations omitted)).  Here, Petitioner did not file a direct appeal to the United States Court of Appeals for the Third Circuit.  If a defendant does not pursue a timely direct appeal to the court of appeals, his conviction and sentence become final on the date on which the time for filing such an

3

appeal expired.  See Kapral v. United States, 166 F.3d 565, 577 (3d Cir.1999); Miller v. Dragovich, 311 F.3d 574, 579 (3d Cir.2002).  In a criminal case, a defendant's notice of appeal must be filed within 10 days after the later of the entry of judgment or the filing of the government's notice of appeal.  See Fed.R.App.P. 4(b)(1)(A).  Therefore, Petitioner's judgment became final on October 27, 2003.[1]  This date is nearly 15 months prior to the issuance of the decision in Booker.  Thus, under Lloyd, Petitioner clearly does not have a viable § 2255 claim.

**III.   CONCLUSION**

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his October 9, 2003 sentence pursuant to 28 U.S.C. § 2255 is hereby denied.  The Court will issue an appropriate order.

Date: May 19th, 2005

              s/ Freda L. Wolfson
              Honorable Freda L. Wolfson
              United States District Judge

---

[1] Under Fed.R.App.P. 26(a)(2), Saturdays, Sundays and legal holidays are excluded from the computation of time.  In 2003, Columbus Day was October 13, 2003.  Therefore, the 10-day period in which Petitioner had to file an appeal expired on October 24, 2003.  See Fed.R.App.P. 26(a)(2)-(3).